FILED
SUPERIOR COURT
OF GUAM

2022 FEB 10 PH 3: 21

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )
                              )      CRIMINAL CASE NO. CF0285-21
              Plaintiff,      )
                              )
     vs.                      )
                              )
DIANE MARGARET TABA MACAIBAY, )
DOB: 07/07/1988               )      DECISION & ORDER:
                              )      Defendant's Motion to Reduce Family
              Defendant.      )      Violence Charge to a Misdemeanor
                              )
                              )
                              )
                              )
                              )

## I.     Introduction

This matter came before the Honorable Maria T. Cenzon for a hearing on Defendant's Motion to Reduce Family Violence Charge to a Misdemeanor on February 3, 2022. Attorney William Pole represents Defendant Diane Margaret Taba Macaibay ("Defendant"), and Assistant Attorney General Grant Olan represents the People of Guam (the "People"). After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order ruling on the Motion and GRANTING DEFENDANT'S MOTION TO REDUCE FELONY FAMILY VIOLENCE CHARGE.

## II.    Procedural Background

Pursuant to an Indictment by Grand Jury, on June 25, 2021, the Defendant was charged with Family Violence (As a Third Degree Felony) with a Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. Indictment (June 25, 2021). The

Defendant filed her Amended Motion to Reduce Family Violence Charge to a Misdemeanor ("Motion") on November 1, 2021. The People filed its Opposition on November 15, followed by the Defendant's Reply on November 19, and the People's Sur-Reply on November 23, 2021. Concurrently with her Motion to Reduce, the Defendant brings her Motion to Dismiss the Special Allegation of Use of a Deadly Weapon in the Commission of a Felony. The Court considers first the Motion to Reduce Family Violence Charge. Should the Court grant the Motion, it will dismiss the Special Allegation based upon reducing the felony to a misdemeanor. However, if the Court denies the Motion to Reduce, it will address the Motion to Dismiss Special Allegation herein.

III. **Law and Analysis**

a. **The Legislature Has Given the Court the Statutory Authority To Reduce the Charge of Family Violence as a Third Degree Felony to a Misdemeanor**

Under 9 GCA § 30.20(b), the Court has the discretion to reduce a felony family violence charge to a misdemeanor upon a written, noticed motion prior to commencement of trial. This statutory discretion is limited when the family violence charge is the defendant's third offense and the charge for 3rd Degree Family Violence is brought under 9 GCA § 30.20(a)(3), which states, "for the third offense, the offense shall be classified as a third degree felony and the court shall impose a sentence of no less than one (1) year imprisonment. The person, upon conviction, shall be termed a 'repeat offender' and may be subject to extended terms pursuant to § 80.38 of Article 2, Chapter 80 of this Title." In this case, the third degree

family violence charge is brought generally under 9 GCA § 30.20(a), and not specifically subsection (a)(3).[1]

In order to determine whether to grant the Defendant's motion to reduce the third degree felony charge to a misdemeanor, the Court shall consider the factors enumerated under 9 GCA § 30.20(c):

> (1) the extent or seriousness of the victim's injuries;
> (2) the defendant's history of violence against the same victim whether charged or uncharged;
> (3) the use of a gun or other weapon by the defendant;
> (4) the defendant's prior criminal history;
> (5) the victim's attitude and conduct regarding the incident;
> (6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) the defendant's history of and amenability to counseling.

The Court will now address each factor in turn.

### b. Analysis of the 9 GCA § 30.20(c) Factors:

**1.** **The Extent of the Victim's Injuries**: The Declaration filed along with the Magistrate's Complaint in this case does not allege that the victim sustained any bodily injury. Bodily injury is defined under 9 GCA § 16.10(b) as "physical pain, illness, unconsciousness or any impairment of the physical condition." Serious bodily injury is defined as bodily injury which creates serious permanent disfigurement, a substantial risk of death or serious, permanent disfigurement, severe or intense physical pain, or protracted loss or impairment of consciousness or of the function of any bodily member or organ under 9 GCA § 16.10(c). In this case, the victim indicated "that he was not physically hurt but was emotionally

---

[1] Despite this, however, Section 30.20(a)(3) specifically mandates that, upon the offender's third offense for family violence, the defendant shall be deemed a "repeat offender," and the court does not have the authority to reduce the charge to a misdemeanor. This factor is not applicable in the instant case, however.

hurt" and "[t]hat he was no[t] injured and did not need any medical attention." *Def.'s Reply* at p. 4 (Nov. 19, 2021)(citing People's Discovery pages 15-17, 23-25 and 27).

In its Opposition, the People seem to place the burden upon the Defendant to provide evidence that the Victim *did not* sustain any injury as a result of the Defendant's alleged actions. *People's Opp.* at p. 3 (Nov. 15, 2021)("counsel for the Defendant argues that Parker was not injured, but did not attach any evidence supporting that claim."). This is not the legal standard nor appropriate burden upon the Defendant, nor have the People provided any legal authority in support of this position.

It is also important to point out that the People have charged the Defendant with Family Violence as a Third Degree Felony under Section 30.10(a)(2) by "placing another family or household member in reasonable fear of imminent bodily injury." The People did *not* charge her pursuant to Section 30.10(a)(1), which proscribes "[a]ttempting to cause or causing bodily injury to another family or household member." If the Victim had sustained any bodily injury, and, by virtue of the literal language of the statute, if the People believed it could sustain its burden of proving that the Defendant had attempted to cause such bodily injury by raising the knife above her head while standing three feet away from the Victim, it is assumed that the People, with knowledge of the facts forming the basis of the criminal offense, would have charged the Defendant with "causing bodily injury" under Section 30.10(a)(1) and not "reasonable fear of imminent bodily injury" under Section 30.10(a)(2). Thus, the fact that the Victim did not sustain any bodily injury weighs *in favor* of granting the motion.

**2.     The Defendant's History of Violence against the Same Victim**: It is undisputed that the Defendant has no history of violence against the named Victim in this case. This factor weighs *in favor* of granting the motion.

**3.** **Use of a Gun or Other Weapon:** The Defendant is alleged to have employed a kitchen knife in this incident, both against the Victim as well as herself. It is noteworthy to point out that this section *does not* require the Court to find that the Defendant used a "deadly weapon," only a "weapon." Compare, 9 GCA § 30.200, which refers to the use of a "deadly weapon." A "deadly weapon" is defined as a "firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to the defendant to be capable of producing death or serious bodily injury." 9 GCA § 16.10(d). In this case, however, the Defendant is charged with any special allegation of "Possession or Use of A Deadly Weapon in the Commission of a Felony."

Different from the circumstances in *Matheus,* cited by the People, the Defendant caused no bodily injury to the Victim. See, supra. However, the Defendant does not dispute that a kitchen knife was wielded by the Defendant in this case, including as against the Victim. Therefore, this factor weighs *against* granting the motion.

**4.** **The Defendant's Prior Criminal History:** It is undisputed that the Defendant has no prior criminal history. For these reasons, the court finds this factor to weigh *in favor of* Defendant's motion.

**5.** **The Victim's Attitude and Conduct regarding the Incident:** The People provided no information regarding the Victim's attitude and conduct regarding the Incident except to state that the Victim continues to want to press charges against the Defendant. This factor weighs *against* granting the motion.

**6.** **The Involvement of Alcohol or Other Substance/History of Substance Use:** There are no allegations of alcohol or drug use in the Declaration to the

Magistrate's Complaint or the Indictment in this case. This factor weighs *in favor* of granting the Motion to Reduce.

**7.     The Defendant's History of and Amenability to Counseling**: Defendant has voluntarily engaged in counseling services through U.S. Naval Base Guam's Fleet and Family Support Center (FFSC). Mot. Hrg. of 02/03/2022 at 2:01:39 PM to 2:02:19 PM. She was also previously ordered to receive services off-island at the United Navy Medical Readiness and Training Command – San Diego because such required mental health services were not available on island. *Stip. and Order Re. Return of Passport and To be Allowed To Leave Island* (Jul. 30, 2021). The Defendant is receiving counseling services as part of the FFSC's STOP Domestic Violence Women's Treatment Program which requires her to complete 26 sessions (of which she completed 14 of 26 sessions, as of January 28, 2022). *Documents Filed Under Seal For Def's Amended Mot. To Reduce Family Violence Charge* (Feb. 4, 2022). Moreover, she is reported as "attending regularly, … engaged appropriately with the group, …made progress and ha[s] acknowledged accountability for [her] actions." *Id.* This is evidence of Defendant's history of and amenability to counseling. This factor weighs *in favor of* granting the motion.

## IV.     Conclusion

In for support of its Opposition to Defendant's motion, the People cited to this Court's Decision and Order in *People v. Matheus,* Criminal Case No. CF0281-21, in which this Court denied Matheus's motion to reduce the family violence felony to a misdemeanor. However, as discussed in several points, above, *Matheus* is markedly distinguishable from the instant case. Moreover, none of the limitations on the Court's discretionary authority is applicable to the case at bar. A consideration of all of the factors set forth in Section 30.20(c) support a finding,

in this particular case, that a reduced charge of Family Violence (As a Misdemeanor) is appropriate.

The Court acknowledges the seriousness of the allegation that the Defendant wielded a kitchen knife against the named victim in this case and by no means does any reduction in the charge minimize the gravity of this allegation. However, unlike the victim in *Matheus,* the named Victim in this case did not sustain any physical injury as a result of this incident. Moreover, the Declaration indicates that the Defendant was threatening herself with a knife by placing it on her neck. Following the incident, the Defendant was medically evacuated to a military health facility in San Diego, but, unfortunately, was not able to receive treatment there. Nevertheless, she has voluntarily engaged in ongoing counseling with Naval Fleet and Family Services and is reported to be compliant and progressing. While the People have indicated that the Victim still wishes to pursue the matter against the Defendant, the reduction of the felony charge to a misdemeanor, under the very unique circumstances herein, does not automatically eliminate her culpability. However, it allows the Defendant, who has no criminal history, no history of substance abuse, who caused no physical injury to her victim, who was medically evacuated for psychiatric services and who is currently voluntarily engaged in counseling, to avail of the benefit of the statute.

For these reasons, the Court hereby **GRANTS** the Defendant's Motion to Reduce the Family Violence Charge to a Misdemeanor. The Court further **GRANTS** Defendant's Motion to Dismiss the Special Allegation attendant to the original felony charge.

**SO ORDERED** this ___**FEB 1 0 2022**___

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*AG , Pole*

Date: 2-10-22 Time: 3:36pm
*AM*

Deputy Clerk, Superior Court of Guam